**Qing Xiang ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, United States Attorney General,[1] Respondents.**

**No. 03–4247–AG.**

United States Court of Appeals, Second Circuit.

May 11, 2005.

Yee Ling Poon, Law Offices of Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, NY, for Petitioner.

Andrea McBarnette, Assistant United States Attorney (Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Assistant United States Attorney, on the brief), Washington, D.C., for Respondents.

Present: INTER, SOTOMAYOR, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition is DENIED.

Petitioner Qing Xiang Zhang, a citizen of the People's Republic of China, petitions for review of a January 13, 2003 decision of the BIA that summarily affirmed the opinion of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and further denying withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") and its implementing regulations, see 8 C.F.R. § 208.16. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA issues a decision affirming, without opinion, the decision of the IJ, we review directly the decision of the IJ. See 8 C.F.R. § 3.1(e)(4) (2003) (redesignated as 8 C.F.R. § 1003.1(e)(4) (2004)); Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). We uphold an IJ's factual findings when they are supported by "substantial evidence." Id. at 306–07. Factual findings pertaining to credibility are entitled to "particular deference," and our review of those findings is "exceedingly narrow." Zhou Yun Zhang v. United States INS, 386 F.3d 66,

73, 74 (2d Cir.2004) (citation and internal quotation marks omitted). Credibility determinations of the IJ must nonetheless be based on "specific, cogent reasons ... bear[ing] a legitimate nexus to the finding" that the alien is not credible. Secaida–Rosales, 331 F.3d at 307 (internal quotation marks omitted).

1. *Zhang's claims for asylum and withholding of removal under 8 U.S.C. §§ 1158, 1231(b)(3)(A)*

The IJ denied Zhang's applications for asylum and withholding primarily because she determined that Zhang's amended asylum application and his oral testimony setting forth his evangelical Christianity as the basis of his claimed past persecution and fear of future persecution were not credible. This adverse credibility finding, in turn, was primarily based on Zhang's failure to raise a claim of religious persecution in his initial written I–589 application. This failure constitutes the requisite "specific, cogent" reason bearing a "legitimate nexus" to the adverse credibility finding. Secaida–Rosales, 331 F.3d at 307; see Dong v. Ashcroft, 406 F.3d 110, 111–12 (2d Cir.2005) (affirming IJ's negative credibility determination where applicant only added an "essential factual allegation" on which he based his claim in a third amended asylum application).[2]

---

**2.** Zhang suggests that the lack of a preparer's signature on the 1993 application and certain inaccuracies in the biographical data section give rise to doubt about whether the application "had been originally prepared without Mr. Zhang's consent and full cooperation." He argues that the IJ acted arbitrarily in basing an adverse credibility finding on this discrepancy without "giv[ing him] an opportunity to explain the circumstances surrounding preparation of the form." We agree that in some circumstances it might be arbitrary or capricious to base a negative credibility determination on variance between an earlier application and later affidavits or testimony

where the IJ overlooks circumstances suggesting that the applicant did not prepare the earlier form. See Liu v. Ashcroft, 372 F.3d 529, 534 (3d Cir.2004). Here, however, the IJ asked Zhang specifically about the 1993 application. Neither Zhang nor his counsel attempted to explain that the application was materially incomplete because it was prepared by someone unfamiliar with Zhang's history. Compare id. at 534 (holding that IJ erred in making a negative credibility finding based on variances between applicant's testimony and his asylum application where applicant had disavowed any familiarity with his written application).

While we are troubled by the IJ's further reasoning that Zhang's claim to be a Christian was undermined by his inability to provide the "denomination" of his underground congregation or his "Christian name" and his awkward expression of the church's central beliefs, his failure to raise a religion-based claim in the first instance was sufficient on its own to support the IJ's negative credibility determination under our deferential standard of review. *See id.* at 112 (holding that omission of primary basis of claim from original application, standing alone, supported adverse credibility finding).

Zhang also argues that the IJ erred in finding that his claimed fear of persecution on account of religion was undermined by the fact that his "family members continue to reside undisturbed in his home country." It is not clear from the IJ's opinion that this finding played any decisive role in her determination that Zhang had failed to meet his burden, because she also found that her adverse credibility finding provided an independent and sufficient basis to deny the claims. In any event, to the extent the IJ relied on this consideration to support her finding that Zhang did not have an objectively well-founded fear of future persecution, her finding was supported by substantial evidence and does not constitute legal error. *See, e.g., Lie v. Ashcroft,* 396 F.3d 530, 537 (3d Cir.2005); *Hakeem v. INS,* 273 F.3d 812, 817 (9th Cir.2001).

Finally, Zhang challenges the IJ's finding that he had not sufficiently established the veracity of his documentary exhibits and her finding that he had failed to present readily available corroborative evidence in the form of testimony from his brother. Because Zhang did not raise either of these arguments in his appeal to the BIA, we lack jurisdiction under 8 U.S.C. § 1252(d)(1) to review them now. *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004). Contrary to Zhang's suggestion, these arguments concerning discrete legal errors of the IJ in rejecting the sufficiency of his evidence are not encompassed within his general claim to the BIA that he had met his evidentiary burden. *See id.* at 78 (holding that a petitioner's general claim to entitlement to relief from removal did not "suffice to alert adequately the [agency] to the discrete issue he presses in this Court").

## 2. *Relief under the Convention Against Torture*

Petitioner also contends that the IJ erred in denying withholding of removal under CAT. We agree with the government that Zhang did not submit evidence to support a conclusion that Zhang is more likely than not to be tortured if returned to China.

For the foregoing reasons, the petition for review is DENIED.